United States District Court
Southern District of Texas

**ENTERED**

April 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Robert Hunter, §<br>§<br>§ *Plaintiff,* §<br>§<br>v. §<br>§<br>First Transit, Inc. and Transdev, §<br>§<br>*Defendants.* §<br>§ | Civil Action No. 4:26-cv-02201 |

## MEMORANDUM, RECOMMENDATION, AND ORDER

This is an employment discrimination case. Plaintiff Robert Hunter brought ADA claims against Defendants First Transit, Inc. and Transdev. Dkt. 1. He also applied to proceed *in forma pauperis* ("IFP"). Dkt. 2. After carefully reviewing the application, the pleadings, and the applicable law, it is ordered that Hunter's IFP application be granted, but it is recommended that his claims be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

## Legal standard

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing that "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). But the right to proceed IFP is not absolute. "Under

§ 1915(e)(2)(B), the district court is required to dismiss an IFP case 'at any time' if it determines that the case is 'frivolous or malicious' or 'fails to state a claim on which relief may be granted." *Doe v. Charter Commc'ns, LLC*, 131 F.4th 323, 327 (5th Cir. 2025) (quoting 28 U.S.C. § 1915(e)(2)(B)(i), (ii)).  This limitation applies equally to prisoner and non-prisoner cases. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming district court's dismissal of former employee's claims under 28 U.S.C. § 1915(e)(2)); *Walters v. Scott*, 2014 WL 5878494, at *1 (S.D. Tex. Nov. 11, 2014) (citing *Newsome* for this principle).

A complaint fails to state a claim upon which relief may be granted if it alleges insufficient facts, when taken as true, to state a basis for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also, e.g., Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (applying *Iqbal*'s standard when examining a court's sua sponte dismissal under Section 1915(e)(2)(B)).

Pro se pleadings are liberally construed. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)).  But "regardless of whether the plaintiff is proceeding pro se or

is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

### Analysis

Hunter's financial resources support his request for leave to proceed IFP. But this raises the question of whether he has stated a plausible claim for relief. The answer is no. Accordingly, this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B). But this dismissal should be without prejudice.

## I.    **The IFP application is granted.**

Hunter has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, which would allow him to proceed with this case without prepaying fees or costs. Dkt. 2. To proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). Although an applicant need not "be absolutely destitute," he must demonstrate by affidavit that his financial condition renders him unable to "pay or give security for the costs ... and still be able to provide [himself] and [his]

dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948).

After reviewing the application, the Court finds that Hunter cannot afford the costs of this litigation while continuing to support himself. He is economically eligible to proceed IFP.

## II.    The complaint does not meet federal pleading requirements.

Under 28 U.S.C. § 1915(e)(2)(B), however, this Court also must scrutinize Hunter's case to determine if he has pleaded a basis for relief. The complaint raises discrimination, retaliation, and harassment claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* Dkt. 1 at 2-3. But Hunter has failed to plead sufficient facts to support recovery.

First, discrimination claims are subject to dismissal under Section 1915(e)(2) if the litigant has not satisfied administrative exhaustion requirements. *See Searcy v. Crowley Indep. Sch. Dist.*, 2023 WL 6393901, at *1 (5th Cir. Oct. 2, 2023) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)) (affirming dismissal under Section 1915(e)(2)(B) "for failure to state a claim based on failure to exhaust administrative remedies"). Hunter claims that he received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on December 19, 2025. Dkt. 1 at 1. But he does not attach the letter to the complaint or describe the nature of his EEOC charge. So it is unclear if any of his ADA claims were properly

exhausted.  *Adams v. Columbia/HCA of New Orleans, Inc.*, 2023 WL 2346241, at \*2 (5th Cir. Mar. 3, 2023) (the scope of an ADA claim "is limited to 'discrimination like or related to the [EEOC] charge's allegations,' and 'the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.'" (quoting *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983))).

Even assuming Hunter properly exhausted administrative remedies, his allegations do not support a viable ADA claim, whether for discrimination, failure-to-accommodate, retaliation, or harassment.  Each of those theories has detailed requirements.  As a starting point, Hunter must allege that he has a qualifying disability under the ADA.  A "disability" is (1) a physical or mental impairment that substantially limits one or more of the major life activities, (2) a record of such impairment, or (3) being regarded as having such impairment.  42 U.S.C. § 12102(1).  "[M]ajor life activities include … caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  *Id.* § 12102(2)(A).

A *prima facie* disability discrimination claim requires allegations "(1) that [Hunter] has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability."  *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)

5

(quotation omitted). To properly allege that an employer failed to accommodate a disability requires allegations that "(1) [the plaintiff] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v. La. Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (quotations omitted). A *prima facie* retaliation case requires "(1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 249 (5th Cir. 2025) (quoting *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)). And, to state a disability-based harassment claim, a plaintiff must plead "(1) that [he] belongs to a protected group; (2) that [he] was subjected to unwelcome harassment; (3) that the harassment complained of was based on [his] disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action." *Credeur v. Louisiana*, 860 F.3d 785, 795-96 (5th Cir. 2017) (quoting *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001)).

Even construing Hunter's complaint liberally, nowhere does he plead the essential facts for any of the foregoing ADA theories. Hunter alleges that he

6

reported discrimination, harassment, and a hostile work environment on September 9, 2024. Dkt. 1 at 2. But he includes no facts suggesting that those reports have anything to do with the ADA, much less any other statute. He also maintains that dispatch and management retaliated against him by ignoring, targeting, and bullying him. *Id.* No supporting facts are provided about this, either. Hunter further pleaded that Defendants failed to investigate his complaints or accommodate his unnamed disability. *See id.* Yet there is no indication that Hunter has a qualifying disability or properly requested accommodation. And although Hunter complains that his employer later terminated him, he offers no facts sufficient to link that action to anything that the ADA would protect. *See id.*

In short, Hunter provides no factual allegations supporting the elements of recovery under any ADA theory. His barebones assertions fail to state a basis for relief, thereby meriting dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. <u>Hunter is granted leave to amend his pleadings.</u>

Because is at least conceivable that the pleading deficiencies could be rectified, this Court grants Hunter an opportunity to amend. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are ... unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter &*

*Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  The same is true when a Court dismisses cases under Section 1915(e)(2).  *See Carmouche v. Hooper*, 77 F.4th 362, 368 (5th Cir. 2023) ("[B]efore *sua sponte* dismissing a pro se litigant's case with prejudice, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies."); *see also, e.g., Griffin v. Amazon Inc.*, 2024 WL 3466805, at *3 (W.D. Tex. July 19, 2024) (dismissing ADA claims without prejudice under 28 U.S.C. § 1915(e)(2)).

This case is still in its early stages.  No defendant has appeared.  At this juncture, the Court cannot conclude that the pleading defects are incurable or that Hunter is unwilling to amend.  The proper course is to dismiss Hunter's current claims without prejudice and grant him leave to amend.

### Order and Recommendation

For the foregoing reasons, it is **ORDERED** that Plaintiff Robert Hunter's application to proceed *in forma pauperis* (Dkt. 2) be **GRANTED**.

It is further **RECOMMENDED** that, under 28 U.S.C. § 1915(e)(2)(B), Hunter's ADA claims be **DISMISSED WITHOUT PREJUDICE** with leave to amend.  Hunter is **ORDERED** to file an amended complaint by **May 12, 2026.**  Failure to do so will result in dismissal of his claims with prejudice.

The Clerk of Court is directed to email and mail a copy of this opinion to Plaintiff at his record addresses.

The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on April 28, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge